UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MIGUEL GARCIA,

                    Petitioner,

v.

CATHERINE S. BAUMAN,

                    Respondent.

_____/

Case No. 1:20-cv-642

Honorable Janet T. Neff

**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C.
§ 2254. Petitioner Miguel Garcia is incarcerated with the Michigan Department of
Corrections at the Newberry Correctional Facility (NCF) in Newberry, Luce County,
Michigan. On April 11, 2018, following a three-day jury trial in the Kent County
Circuit Court, Petitioner was convicted of two counts of possession of child sexually
abusive material, in violation of Mich. Comp. Laws § 750.145c(4)(a), two counts of
using a computer to commit a crime, in violation of Mich. Comp. Laws § 752.797(3)(d),
and one count of capturing an image of an unclothed person, in violation of Mich.
Comp. Laws § 750.539j. On May 31, 2018, the court sentenced Petitioner to
concurrent prison terms of one year, 6 months to 5 years for capturing the image and
one year, 6 months to 4 years for each count of possessing child sexually abusive
material. The court ordered those sentences to be served consecutively to concurrent
sentences of 4 to 7 years on each count of using a computer to commit a crime.

On July 15, 2020, Petitioner filed his habeas corpus petition raising one ground for relief, as follows:

I.      The Michigan courts erred in holding that there was sufficient evidence to support the convictions.

(Pet., ECF No. 1, PageID.3.)  Respondent has filed an answer to the petition (ECF No. 6) stating that the ground should be denied because it lacks merit.  Upon review and applying the standards of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA), I find that the Petitioner's sufficiency-of-the-evidence claim lacks merit.  Accordingly, I recommend that the petition be denied.

## Discussion

## I.    Factual allegations

The Michigan Court of Appeals described the facts underlying Petitioner's conviction as follows:

This case arose from defendant's teenage daughters finding photographs of their friend on defendant's cellular phone when she was only wearing shorts and was asleep.  During the subsequent investigation, the police found videos and images of child sexually abusive material stored on defendant's computer and child pornography searches on his cellular phone.

(Mich. Ct. App. Op., ECF No. 7-7, PageID.219.)  Shortly before the trial, Petitioner's teenage daughters indicated that the pornography searches and downloads were theirs and one of the daughters testified at trial that she had taken the picture.  Those unexpected revelations followed a telephone call between Petitioner and the custodian of the teenage daughters.  During that conversation, Petitioner urged the

custodian to counsel his daughters to go to the police and confess to the charges that he was on trial for.

At trial, the prosecutor called to the stand the following witnesses: Petitioner's daughters, Aliah and Alania, then aged 15-years and 17-years, respectively; the victim who was photographed; and five police officers who were involved in investigating the incidents. The prosecutor introduced into evidence a photo of the photos of the victim, three images that were presented as the child-sexually-abusive-material, taken from Petitioner's computer, and an excerpt from the recording of the jail telephone call between Petitioner and the girls' custodian. After the prosecutor rested, Petitioner moved for a directed verdict raising the same issue he raises in his petition. The trial judge concluded there was sufficient evidence to permit the jury to find, beyond a reasonable doubt, that Petitioner had committed the crimes charged. The court denied the motion.

Petitioner's counsel called two witnesses:  the custodian of Petitioner's minor daughters, who was also a daughter of Petitioner; and Petitioner. Thereafter, the prosecutor called the victim back to the stand and then rested. The jurors heard closings and instructions and deliberated for about five hours, asking questions as they deliberated, before reaching their verdicts.

Petitioner, with the assistance of counsel, appealed his convictions and sentences to the Michigan Court of Appeals. He raised several issues, including the sufficiency-of-the-evidence issue. By unpublished opinion issued July 25, 2019, the court of appeals rejected Petitioner's challenges to his convictions and sentences.

Petitioner then, again with the assistance of counsel, filed an application for leave to appeal to the Michigan Supreme Court. Petitioner raised two issues, one regarding sentencing, and one raising the same sufficiency-of-the-evidence issue that he raises in his petition. By order entered February 4, 2020, the supreme court denied leave to appeal.

This timely petition followed.

## II. AEDPA standard

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)) (internal quotation marks omitted)). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002).  Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court.  *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011).  Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits.  *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts.  *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06).  "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'"  *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664. "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can

review the underlying claim on its merits.  *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"—for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721.  Then, the petitioner's claim is reviewed *de novo*.  *Id.* (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

## III.    Sufficiency of the evidence

Petitioner contends that the prosecutor failed to present sufficient evidence that he took the picture of the victim, that he possessed or was even aware of, the child sexually abusive pictures, or that he used the computer to download the child sexually abusive pictures.  Petitioner reasons that no one saw him do those acts, others used the computer, his daughters confessed to using the computer to look at and download porn, and his youngest daughter confessed to using Petitioner's phone to take the pictures of the victim.  He suggests that the only way the jurors could decide that he committed these crimes, rather than his daughters or some other visitor to their home, was by rank speculation.

In *Jackson v. Virginia*, 443 U.S. 307 (1979), the Supreme Court announced the following standard for resolving sufficiency claims:  the court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Id.* at 319.  The *Jackson* standard "gives full play to the

7

responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* Witness credibility remains the province of the jury, *see Herrera v. Collins*, 506 U.S. 390, 401–02 (1993), and an attack on witness credibility constitutes a challenge to the quality, but not the sufficiency of the government's evidence. *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002). The habeas court need only examine the evidence supporting the conviction, in the light most favorable to the prosecution, with specific reference to the elements of the crime as established by state law. *Jackson*, 443 U.S. at 324 n.16; *Allen v. Redman*, 858 F.2d 1194, 1196–97 (6th Cir. 1988).

Moreover, because both the *Jackson* standard and AEDPA apply to Petitioner's claims, "the law commands deference at two levels in this case: First, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; second, deference should be given to the Michigan Court of Appeals' consideration of the trier-of-fact's verdict, as dictated by AEDPA." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008). This standard erects "'a nearly insurmountable hurdle'" for petitioners who seek habeas relief on sufficiency-of-the-evidence grounds. *Davis*, 658 F.3d at 534 (quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)).

The Michigan Court of Appeals applied the following standard to resolve Petitioner's insufficient evidence claim:

> In reviewing the sufficiency of the evidence, this Court must determine whether, evaluating the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 513–514; 489 NW2d 748 (1992). "Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime." *People v Williams*, 268 Mich App 416, 419; 707 NW2d 624 (2005). All conflicts in the evidence must be resolved in favor of the prosecution, and this Court shall not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses. *Wolfe*, 440 Mich at 515. Intent and premeditation may be inferred from all the facts and circumstances. *People v Cameron*, 291 Mich App 599, 615; 806 NW2d 371 (2011).

(Mich. Ct. App. Op., ECF No. 7-7, PageID.220.) Although the court of appeals cited state authority in support of its standard, the *Wolfe* case derived the standard directly from *Jackson*. Thus, there can be no question that the court of appeals applied the standard called for by clearly established federal law, leaving only the question as to whether it applied the standard reasonably.

After setting out the standard, the court of appeals identified the elements of the offenses Petitioner was accused of committing. The court then reviewed the evidence regarding those elements and, as *Jackson* directs, evaluated the evidence in a light that favored the prosecution to determine whether a rational trier of fact could have found the existence of the elements:

> Defendant does not dispute that child sexually abusive material was found on his computer. In fact, the detectives produced evidence of the numerous photographs, videos, and websites accessed depicting very young girls engaged in sexual acts. On the basis of the ages of the children in the material found, and the testimony at trial of the detectives and defendant's daughters regarding the very young age of

the children, any person would "know[], [have] reason to know, [and] should reasonably be expected to know" that the material included a child.  See MCL 750.145c(4).  The testimony also showed that the material depicting the children was sexually abusive in nature.

Defendant disputes that the evidence offered was sufficient to prove that he possessed the images, given that his young daughters stated at trial that it could have been them.  But the evidence showed that the child sexually abusive material was found on defendant's computer in his home, under an account labeled "Miguel," which is defendant's first name.  There was also child sexually abusive material found on defendant's cellular phone.  The testimony showed that the material began being downloaded in 2010, when defendant's daughters would have been 7 and 10 years old.  The younger daughter testified that she did not look at pornography until she was 13 years old.  The older daughter testified that she "possibly" could have looked at pornography when she was 10 years old, but she could not remember because she "was little."  The younger daughter testified that she did not look for "PTHC,"[1] did not know what that was, and never searched the dark web or Russian websites.  The older daughter also did not know what PTHC was and stated she would not have searched that term on purpose.  The testimony from the detectives showed that the type of explicit, young-child sexual material found on defendant's computer could not have been found through a simple Google search, which is what the younger daughter testified that she did.  The younger daughter also testified that she never visited chat rooms or "Chaturbate," yet the detectives testified that they found numerous chats from Chaturbate on the computer.  Both daughters denied purposely downloading, or ever having seen, child pornography.

Additionally, defendant's daughters only admitted on the day before the trial that they were responsible for the material, while the investigation began many months before that.  Their admissions came shortly after a recorded call from defendant in jail to his eldest daughter, who had custody of the younger daughters, in which he encouraged them to go to the police and "confess" to the charges that he was on trial for.  Although defendant contends that he was only encouraging his daughters to confess to things that they actually did, the call was played for the jury, and the jury weighs the credibility of the evidence.  As stated in *Flick*, the factual inquiry of whether the defendant exercised control over the child sexually abusive material, even if not exclusively, beyond a reasonable doubt, is left to the jury.  See *Flick*, 487 Mich at 14; Wolfe, 440 Mich 513-514.  Moreover, "the prosecutor need not negate every reasonable theory consistent with innocence."  *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).  A prosecutor "need only

convince the jury in the face of whatever contradictory evidence the defendant may provide." *Id*. (quotation marks and citation omitted).

We also hold that the evidence was also sufficient to support defendant's conviction of capturing/distributing the image of an unclothed person.  MCL 750.539j(1)(b) provides that a person shall not "[p]hotograph, or otherwise capture or record, the visual image of the undergarments worn by another individual, the unclad genitalia or buttocks of another individual, or the unclad breasts of a female individual under circumstances in which the individual would have a reasonable expectation of privacy."  There is no dispute that the photographs were of the friend's buttocks, while she was asleep, and, therefore, would have a reasonable expectation of privacy.  Defendant argues that there was insufficient evidence that he was the one who took the photographs.  However, we find that when viewed in the light most favorable to the prosecution, a rational juror could have found that defendant was the one who took the photographs.  The photographs were found on defendant's cellular phone.  Testimony showed that defendant asked the detective, "You can't take pictures of people with clothes on?"  That statement could lead a reasonable jury to conclude that defendant admitted that he had knowledge of, and himself took, the photographs.  Additionally, the testimony showed that the younger daughter was surprised and embarrassed when she discovered the photographs.   Both daughters apologized to their friend for the inappropriate photographs numerous times.  The younger daughter only stated that she had taken the pictures on the day that the trial began, which was only a few days after the recorded jail call between defendant and the eldest daughter, who had custody of the younger daughter, took place in which defendant urged the eldest daughter to get the younger daughter to confess to all the charges.  A rational juror could find that the younger daughter's confession was not true on the basis of her actions and timing of her confession.

Therefore, viewing this evidence in the light most favorable to the prosecution, we conclude that defendant's convictions were supported by sufficient evidence.  See *Wolfe*, 440 Mich 513-514.

[1]Testimony at trial explained that this referred to "pre-teen hard core."

(Mich. Ct. App. Op., ECF No. 7-7, PageID.221–222.)

Petitioner does not take issue with the court of appeals' descriptions of the facts or the testimony admitted at trial. Moreover, "[t]he facts as recited by the Michigan Court of Appeals are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1)." *Shimel v. Warren*, 838 F.3d 685, 688 (6th Cir. 2016).

Instead of challenging the facts, Petitioner challenges the inferences that the court said jurors might have drawn. Though the appellate court described those inferences as reasonable, Petitioner decries them as entirely speculative. Petitioner is simply wrong. *Jackson* holds that it is the factfinder's province to draw reasonable inferences from basic facts to ultimate facts. 443 U.S. at 319. In *Coleman v. Johnson*, 566 U.S. 650 (2012), the Supreme Court provided guidance "in determining what distinguishes a reasoned inference from 'mere speculation.'" *Id*. at 655. The Court described a reasonable inference as an inference that a rational factfinder could make from the facts.

Certainly, the inferences identified by the court of appeals rationally flow from the underlying facts. The inferences are not compelled by those facts. The inferences may not even be more likely than not; they are simply rational. *Id*. at 656. In this instance, however, the inferences identified by the court of appeals are compelling. The jurors drew those inferences, the trial judge drew those inferences (Sentencing Tr., ECF No. 7-6, PageID.215) ("I listened very carefully to the testimony, evaluated the credibility the witnesses. I believe the jury reached the right verdict here, without any question whatsoever."), and the undersigned, having read the transcript of the trial testimony, would draw the same inferences.

12

To succeed in his challenge, Petitioner cannot simply call the identified inferences speculative; he must show that they are irrational.  He has not done so.  Therefore, Petitioner has failed to show that the court of appeals' conclusion regarding the sufficiency of the evidence is contrary to, or an unreasonable application of, clearly established federal law and he is not entitled to habeas relief.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, I have examined each of Petitioner's claims under the *Slack* standard.  Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the Court may not conduct a full

merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*

I find that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims would be debatable or wrong.  Therefore, I recommend that the Court deny Petitioner a certificate of appealability.

Moreover, although I conclude that Petitioner has failed to demonstrate that he is in custody in violation of the constitution and has failed to make a substantial showing of a denial of a constitutional right, I would not conclude that any issue Petitioner might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied.  I further recommend that a certificate of appealability be denied.  Finally, I recommend that the Court not certify that an appeal would not be taken in good faith.

Dated:   April 19, 2021                         /s/ Phillip J. Green
                                                PHILLIP J. GREEN
                                                United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).