UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIGUEL GARCIA,

    Petitioner,

v.

CATHERINE S. BAUMAN,

    Respondent.
_____/

Case No. 1:20-cv-642

HON. JANET T. NEFF

**OPINION AND ORDER**

    This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition and a certificate of appealability, and that the Court not certify that an appeal would not be taken in good faith (ECF No. 9 at PageID.516). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6thCir. 2013) (requiring a separate judgment in habeas proceedings).

    Petitioner argues that the Magistrate Judge erred in failing to analyze and apply the holding in *Tanner v. Yukins*, 867 F.3d 661 (6th Cir. 2017) (ECF No. 10 at PageID.530). He bases his objections on the *Tanner* holding that the "lack of presentation of key determinative evidence constitutes insufficiency" under *Jackson v. Virginia,* 442 U.S. 307 (1979) (ECF No. 10 at

PageID.530). He claims that failure to obtain and present the internet service provider records rises to the same insufficiency of the evidence found in *Tanner*.

Petitioner's argument fails to demonstrate any error in the Magistrate Judge's analysis or conclusion. The Court is not convinced that analysis of *Tanner* supports a grant of habeas for Petitioner. In *Tanner*, the potentially exculpatory evidence was compelling while incriminating evidence was weak and minimally persuasive. *Tanner* 867 F.3d at 673-74. Petitioner's case presents the opposite scenario. The incriminating evidence against Petitioner was strong and compelling. The child pornography was found on his computer and his cell phone, in a folder bearing his name. Statements to detectives suggest he took the photo of his daughters' friend while she slept. Further, the confessions from his daughters came immediately before trial, only after a phone call from the Defendant asking them to confess. Petitioner claims that the internet service provider records would identify who captured and downloaded the child pornography onto the devices. Nonetheless, any reasonable doubt that may have been raised by these records would not have overcome the evidence supporting the finding that it was Petitioner who accessed and downloaded the child pornography.

In *Tanner*, the Sixth Circuit found that "none of the evidence that implicates Tanner is sufficient to overcome the reasonable doubt created" by the exculpatory evidence that was not presented. 867 F.3d at 674. In Petitioner's case, the incriminating evidence against him sufficiently overcomes any potential reasonable doubt that could have been raised by the Internet Service Provider records. *Tanner* is distinguishable, and the Magistrate Judge made no error in omitting its analysis in the Report and Recommendation. The Magistrate Judge correctly found that Petitioner failed to show that the court of appeals' conclusion regarding the sufficiency of the

evidence is contrary to, or an unreasonable application of, clearly established federal law and he is not entitled to habeas relief.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's sufficiency-of-the-evidence claim debatable or wrong. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 10) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 9) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED. The Court does not certify that an appeal would not be taken in good faith.

Dated: January 8, 2023 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge